IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 29 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00809-OES

DONA KELLER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
PORTER CARE/CENTURA HEALTH, and
CANNON COCHRAN MANAGEMENT SERVICE, INC.,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Dona Keller initiated this action by filing **pro se** a Complaint. The court must construe the complaint liberally because Ms. Keller is representing herself. See **Haines v. Kerner,** 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon,** 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, Ms. Keller will be ordered to file an amended complaint.

The court has reviewed Ms. Keller's complaint and has determined that the complaint may be dismissed because the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480

(10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Keller's complaint fails to comply with the pleading requirements of Rule 8. First, she fails to provide a short and plain statement of the grounds upon which the court's jurisdiction depends. Instead of citing the specific statutory authority that allows her to bring her claims against the named Defendants in this Court, Ms. Keller asserts jurisdiction pursuant to "Commissioner of Social Security, the Attorney General of the United States, United States District Court." (Compl. at 2.) Ms. Keller's failure to properly assert the jurisdictional basis for her claims is compounded by the fact that she fails to set forth a short and plain statement of her claims showing that she is entitled to relief. Ms. Keller makes vague allegations regarding an intentional misdiagnosis of a work injury and a misclassification of the diagnosis that has prevented her from receiving medical treatment. However, rather than explaining the factual basis for her claims in a clear and concise manner, Ms. Keller simply attaches to the complaint more

2

than one hundred pages of medical records and correspondence without any explanation of what those documents are. Neither the Court nor the Defendants are required to sort through the attached documents in order to discover the factual basis for Ms. Keller's claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Ms. Keller should be given an opportunity to file an amended complaint. She will be directed to do so below. Accordingly, it is

ORDERED that Ms. Keller file, **within thirty (30) days from the date of this order**, an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Keller, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Ms. Keller fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 29 day of June, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00809-OES

Dona Keller
2227 W. Wesley Ave
Englewood, CO 80110

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on __6-29-05__

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk